FRANCISCO RUIZ ORTIZ, Plaintiff and Appellant, *v.* COMMONWEALTH OF PUERTO RICO, Defendant and Appellee.

No. R-65-159.     Decided June 26, 1969.

*Carlos J. Irizarry Yunqué* for appellant. *J. F. Rodríguez Riverá, Acting Solicitor General,* and *Juan José Ríos Martínez, Assistant Solicitor General,* for appellee.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

### JUDGMENT

The San Juan Part of the Superior Court dismissed the complaint for damages object of this petition for review with the following:

### *"FINDINGS OF FACT*

"That on July 25, 1961, the plaintiff went to the Isla Verde Bathing Resort in San Juan, Puerto Rico, in the company of several friends, for the purpose of visiting it.

"That he and his friends together started walking by the seashore until passing the Club Naútico of Boca de Cangrejos, and reaching an area where there is a small forest and a small hill which has a tunnel through it.

"That they went into the aforesaid tunnel and suddenly the plaintiff, Francisco Ruiz Ortiz, who was going second in a row,

fell in a manhole which was situated in the middle of the tunnel at about 20 feet from the entrance. At the other entrance the tunnel had another manhole but it was covered.

"The manhole through which the plaintiff fell was five feet deep and three feet wide, with a round opening. His friends had to take him out, and as a result of the fall he suffered a lateral bi-malleolar fracture of the left ankle, dislocation of the ankle, and also bruises and abrasions on the right elbow.

"That he was immediately taken to the Municipal Hospital of Santurce, Puerto Rico and from there to the Professional Hospital, where he received medical treatment and his left leg was immobilized with a plaster cast.

"During the five weeks he had the plaster cast on his leg, he remained in bed almost all of the time and upon returning to the hospital in August, the plaster cast was removed to put another one on until October 2, 1961, when it was definitively removed.

"He was admitted at the Professional Hospital, on July 25, 1961, at five o'clock in the afternoon and discharged on July 31, 1961. He was admitted again on August 25 of that same year and discharged on August 28, 1961, and on October 2 he was admitted for the last time until October 3. He was using crutches and a cane for about a month, and for about four months he was unable to work. He also received physiotherapy treatment until January of 1962. During all the time the pain he felt was intense and he also suffered mental anguish.

"He earned $400 monthly as mechanical engineer in the Puerto Rico Telephone Co. and he was unable to work during four months, his income having been affected because he had to be absent from the same.

"The first one to go into the tunnel was José Luis Irizarry Rodríguez, who stopped at the sudden change in light, and noticed on the ground the round opening of thirty inches in diameter.

"There were no signs or posters in said lands prohibiting the entrance into said tunnel. Subsequently, iron gates were placed at the entrance and at the exit, in order to prevent people from going into the same.

"That the uncultivated lands, to which the complaint refers, are the private property of the Commonwealth of Puerto Rico and are not assigned to any kind of park or recreation area. They are situated at about one kilometer away from the Boca de

Cangrejos Bathing Resort and the small hill where the tunnel is located is an old emplacement of antiaircraft guns built by the United States Army during World War II, when these lands were Federal property."

As a question of law the trial court decided that since these lands were the property of the Commonwealth not assigned to any park or recreational area, and there being no evidence showing that the State had "invited" the plaintiff to come into its lands, but that the latter went therein without the State's authorization, the plaintiff was a trespasser.

In support of its conclusion the court copied in its judgment the "Per Curiam" decision of this Court in *Garratón* v. *Aqueduct and Sewer Authority*, Judgment of November 26, 1951, unpublished. Applying this decision the court concluded in this case that in order that the State could be found guilty of negligence it should have been proved that it had knowledge of the risk and that it should have acted within a reasonable time to avoid damages, and that "the plaintiff, showed, through his evidence, that as soon as the Commonwealth had knowledge of this accident it placed iron gates at the entrance and at the exit in order to prevent other persons from going into the tunnel, thus showing that it was diligent in so acting."

We have read the transcript of evidence and that of the plaintiff as well as that of the defendant unquestionably established that this is a question involving a public area for relaxation adjacent to and an integrant part of the State's beaches and forests in the Boca de Cangrejos sector, to which the public had and has free access and which is used as recreational area. There are no fences or signs implying that it is a prohibited area. The fact that the premises were not attached, for the purpose of administration, to the control of a particular agency as the Public Recreation and Parks Administration, does not alter the situation with respect to considering the plaintiff as an intruder or transgressor who needed

previous authorization from the Commonwealth in order to go into those premises, nor does it change the State's responsibility of prudent inspection and vigilance toward the public that used and went to said sector. The so-called tunnel was a passage made of concrete through a small hill, with visible entrance and exit and through which, at the time of the occurrence of the accident, a large number of persons were passing from one side to the other.

The evidence, according to the record, does not warrant the application in this case of the views set forth by this Court in *Garratón* v. *Aqueduct and Sewer Authority, supra*. On the contrary, the State's evidence, which consisted of the testimony of an engineer officer of the Department of Public Works in charge of the upkeep and maintenance of public places and places to which the public has access, showed that, as a practice of the Department and considering the scarce appropriation of funds for those purposes, this was rather a place which was not properly attended in that sense. However, the problem was rather one of some vigilance and reasonable inspection of the place in order to avoid perilous situations; or to place the corresponding danger signals or not to permit the public to have access at all.

The fact pointed out by the trial court that as soon as this accident occurred the State placed gates at that place to protect the public, fact which the trial court emphasizes as demonstrative of diligence, rather accentuates the former negligence or abandonment.

■ The oral evidence as well as the photographs in the record having been considered, we are convinced that the plaintiff incurred certain contributory negligence in going into a place unknown to him without taking a greater precaution, even though other persons passed through there. The plaintiff testified that he suffered from some myopia. In the light of all the circumstances in the record, we conclude that there was contributory negligence of both parties and

that of the State is estimated in 75%. On the basis of the medical evidence the plaintiff is entitled to a compensation of $6,000 for his injuries and physical sufferings and to a compensation of $1,600 for lost profits, the amount of $7,600 being reduced to $5,700 on account of his own negligence.

The judgment rendered by the Superior Court, San Juan Part, on July 8, 1965, is hereby reversed and another rendered granting the complaint and accordingly the Commonwealth is ordered to pay to the plaintiff Francisco Ruiz Ortiz the amount of $5,700 with costs.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*